UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL A. HOLLOWAY,

          Petitioner,

v.                                                                    CASE NO. 08-11347
                                                                         HON. JOHN CORBETT O'MEARA

L.C. EICHENLAUB,

          Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
AND DISMISSING THE HABEAS CORPUS PETITION WITH PREJUDICE**

      Petitioner Carl A. Holloway is a federal inmate who has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241. Petitioner challenges an administrative decision not to reduce his sentence for successful completion of a substance abuse program. The Court finds no merit in Petitioner's claim. Therefore, Respondent's motion will be granted, and the habeas petition will be dismissed with prejudice.

**I.  Background**

      Petitioner was convicted in the Central District of Illinois of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g). On January 24, 2005, United States District Judge Michael M. Mihm sentenced Petitioner to fifty-one months in prison, followed by three years of supervised release.

      While incarcerated, Petitioner applied for permission to participate in the Residential Drug Abuse Program (RDAP) offered by the Federal Bureau of Prisons ("the Bureau of Prisons," "the Bureau," or "the BOP"). Although the Bureau of Prisons has the authority to

reduce the sentence of prisoners for successful completion of the RDAP, the Bureau stated that Petitioner would not be eligible for early release under the RDAP due to his firearm conviction. Petitioner contends that the Bureau's decision not to grant early release under the RDAP is an abuse of discretion.

Respondent urges the Court to dismiss the habeas petition on the grounds that Petitioner did not exhaust administrative remedies for his claim and cannot proceed with a claim under the Administrative Procedures Act (APA) in a federal habeas corpus petition. Respondent further alleges that the doctrine of claim preclusion bars substantive review of Petitioner's claim because Petitioner filed a previous habeas petition raising a similar claim. The Court is not persuaded that Petitioner is precluded from raising his claim or is prohibited from doing so in a habeas corpus petition. Furthermore, "the exhaustion requirement in § 2241 cases is prudential, rather than jurisdictional." *Arango Marquez v. I.N.S.*. 346 F.3d 892, 897 (9th Cir. 2003). The Court therefore will proceed to address Petitioner's claim on the merits.

## II.  Discussion

### A.  Sentence Reduction for Successful Completion of an RDAP

Pursuant to 18 U.S.C. § 3621(b)(5), the Bureau of Prisons must "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." As an incentive for successful participation in the program, the statute provides that –

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

Section 3621 does not define "nonviolent offense." The Bureau of Prisons attempted to fill this gap by promulgating 28 C.F.R. § 550.58, which reads in relevant part:

> An inmate who was sentenced to a term of imprisonment . . . for a non-violent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>
>     . . . .
>
> (vi) Inmates whose current offense is a felony:
>
>     . . . .
>
> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon . . . .

28 C.F.R. § 550.58(a)(1)(vi)(B).

One of the Bureau's program statements provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." Program Statement 5162.04, at 1 (Oct. 9, 1997). Section 7 of this program statement lists offenses that preclude program benefits at the Director's discretion even though the offenses may not be categorized as crimes of violence. Included in this list is "[a]ll offenses under 18 U.S.C. § 922(g)." *Id*. at 18.

### B.  5 U.S.C. § 706(2)(A)

Petitioner alleges that the Bureau's decision to deny him benefits under 18 U.S.C. § 3621(e) is an abuse of discretion and not in accordance with the law. Pursuant to 5 U.S.C. §

3

706(2)(A), a reviewing court may hold unlawful or set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

> The scope of review under the "arbitrary and capricious" standard is narrow and a court is not to substitute its judgment for that of the agency.  Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a "rational connection between the facts found and the choice made."  In reviewing that explanation, [courts] must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."  Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n of U. S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (internal citations omitted).

### C.  Application

In *Lopez v. Davis*, 531 U.S. 230 (2001), the Supreme Court held that 28 C.F.R. § 550.58 "is a permissible exercise of the Bureau's discretion under 18 U.S.C. § 3621(e)(2)(B)" and that the Bureau may categorically exclude prisoners from program benefits based on their pre-conviction conduct.  *Lopez*, 531 U.S. at 233 and 242-44.  Lopez was convicted of a drug offense, but his sentence was enhanced because he possessed a firearm in connection with the offense. The Bureau of Prisons found Lopez ineligible for early release under 18 U.S.C. § 3621(e)(2)(B) because Lopez' offense was a felony that involved the carrying, possession, or use of a firearm. The Supreme Court stated that "[t]he Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release

decision." *Lopez*, 531 U.S. at 244.

Petitioner maintains that 28 C.F.R. § 550.58 is an invalid regulation because the Bureau of Prisons failed to comply with 5 U.S.C. § 706(2)(A) when promulgating the regulation. Petitioner's argument is based on *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), in which the Ninth Circuit held that the Bureau's promulgation of 28 C.F.R. § 550.58(a)(1)(vi)(B) was arbitrary and capricious. The Ninth Circuit stated that the Bureau had failed to articulate a rationale in the administrative record for excluding a class of nonviolent offenders from eligibility for early release. The District Court had found two rational bases for the Bureau's categorical decision: "(1) the increased risk that offenders with convictions involving firearms might pose to the public and (2) the need for uniformity in the application of the eligibility regulation." *Arrington*, 516 F.3d at 1113. The Ninth Circuit, however, determined that the first rationale (threat to the public safety) was absent from the administrative record and that the second rationale (the need for uniformity in applying the regulation) did not justify the Bureau's action even though the Bureau articulated the rationale in the administrative record. The Ninth Circuit concluded that the Bureau's regulation was invalid under the APA.

The Ninth Circuit determined that its holding was not foreclosed by the Supreme Court's decision in *Lopez* or by its own decision in *Bowen v. Hood*, 202 F.3d 1211 (9th Cir. 2000), because neither case addressed the issue of whether the Bureau complied with § 706 of the APA when promulgating its regulation. According to the Ninth Circuit, *Lopez* and *Bowen* were concerned with whether the Bureau had the authority or discretion to exclude certain inmates from eligibility under 18 U.S.C. § 3621(e)(2)(B), not whether the Bureau's exercise of that authority or discretion complied with the APA's procedural requirements.

"To date, no court outside the Ninth Circuit has followed *Arrington*," and "[m]ost courts have rejected *Arrington* as contrary to *Lopez v. Davis* . . . ." *Serrano v. Berkebile*, No. 3-08-CV-1587-K, 2009 WL 81017, at *2 (N.D. Tex. Jan. 9, 2009) (unpublished).  The Sixth Circuit, moreover, has stated that *Lopez* controls decisions in cases like Petitioner's, even if the Supreme Court did not address whether the Bureau's actions were arbitrary.  *See Harrison v. Lamanna*, 19 Fed. Appx. 342, 2001 WL 1136080, at *1 (6th Cir. Sept. 18, 2001) (unpublished).  In reaching this conclusion, the Sixth Circuit noted that the Supreme Court held in *Lopez* that it was reasonable for the Bureau of Prisons to prevent an inmate from attaining early release if the inmate's crime was related to firearms.  Thus, the Sixth Circuit implicitly found that the Bureau did not abuse its discretion in promulgating 28 C.F.R. § 550.58.

Furthermore, at least one court has found that the Bureau's rationales for promulgating 28 C.F.R. § 550.58(a)(1)(vi)(B) are reasonably discernible from the administrative record.  *See Muolo v. Quintana*, __ F. Supp. 2d __, __, C.A. No. 08-99 Erie, 2009 WL 82491, at *9-10 (W.D. Pa. Jan. 8, 2009).  As noted, those rationales are (1) the increased risk that felons with firearm convictions might pose to the public and (2) uniformity in the application of the Bureau's policies.  *Id*. at *9.

The Ninth Circuit acknowledged in *Arrington* that the Bureau articulated the second rationale (the need for uniformity) in the administrative record.  It nevertheless rejected that rationale because the Bureau could have accomplished uniformity in other ways and because the Bureau failed to explain its decision to categorically exclude, rather than include, certain inmates in its determination of eligibility.   By not accepting the Bureau's rationale for its regulation, "the Ninth Circuit substituted its judgment for that of the agency," something that it may not do.

6

*Minotti v. Whitehead*, 584 F. Supp.2d 750, 765 (D. Md. 2008).  Moreover, as explained in

*Minotti*,

> The legislative history behind § 3621 explicitly notes that "[s]ubstance abuse treatment for prison inmates is a powerful tool for reducing recidivism, easing prison overcrowding, and ultimately preventing crime." H.R.Rep. No. 320, 103 Cong., 1st Sess., 1993 WL 537335, at *4 (1993). In amending § 3621(e)(2)(B), the House Report noted that the amendment "authorizes the BOP to shorten by up to one year the prison term of a prisoner who has successfully completed a treatment program, based on criteria to be established and *uniformly applied* by the BOP." *Id.* at *7 . . . .  Taken in context, the BOP's concern about uniformity in application is not arbitrary or capricious but rather is the consequence of its fidelity to Congress's mandate.  The connection between firearms, drug offenses, and violence is fully supported by the language of the statute, *Lopez*, and just plain common sense.  Accordingly, the BOP's explanation for its interpretative rule is neither arbitrary nor capricious, but rather was manifestly correct.

*Id.* (emphasis and alterations in original).

### III. Conclusion

For the reasons given above, this Court concludes agrees that the Bureau's decision not to extend early release benefits to Petitioner was not arbitrary, capricious, or an abuse of discretion.  Therefore, the Bureau did not violate 5 U.S.C. § 706(2)(A) of the APA.  Respondent's Motion to Dismiss [Dkt. #5] is **GRANTED** on grounds other than those asserted, and the habeas petition [Dkt. #1] is **DISMISSED** with prejudice.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  February 18, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 18, 2009, by electronic and/or ordinary mail.

                                              s/William Barkholz
                                              Case Manager